UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

LaJEFF WOODBERRY,
_____/

YUMI YOO WOODBERRY
and LaJEFF WOODBERRY,

       Appellants,

vs.

MARK H. SHAPIRO,
CHAPTER 7 TRUSTEE,

       Appellee.
_____/

Case No. 20-12622
HON. GEORGE CARAM STEEH

Adversary Proceeding 18-04356
Bankruptcy No. 18-46856

## ORDER GRANTING MOTION TO DISMISS APPEAL

This is an appeal from two orders entered in an adversary proceeding pending before the bankruptcy court. The matter is before the court on the Appellee/Chapter 7 Trustee's ("Trustee") motion to dismiss for lack of jurisdiction [ECF No. 4]. For the reasons stated below, the court grants the Trustee's motion to dismiss.

### PROCEDURAL BACKGROUND

Appellant and debtor, LaJeff Woodberry ("Debtor"), filed a Chapter 7 Bankruptcy petition on May 9, 2018. On August 2, 2018, the Trustee filed a

30-count complaint ("Complaint") against the Debtor's wife, Yumi Yoo Woodberry ("Yumi Yoo" or "Defendant"), to avoid and recover various alleged fraudulent transfers of property by the Debtor to Yumi Yoo.  This action is referred to as the "Adversary Proceeding".  Among the transfers that the Trustee sought to avoid was the transfer of the Debtor's home at 18283 Muirland Street, Detroit, Michigan ("Muirland Property").

As authorized by law, the Trustee recorded a "Claim of Interest", giving notice of an action pending against the Muirland Property.  However, on November 4, 2019, in disregard of the Claim of Interest, the Debtor and Yumi Yoo mortgaged the Muirland Property in exchange for a loan to Yumi Yoo in the amount of $192,500.

The Trustee filed a motion to enjoin the Debtor and Yumi Yoo from disposing of the mortgage loan proceeds pending the outcome of the Adversary Proceeding.  On July 16, 2020, the bankruptcy court issued an Opinion and Order Granting Preliminary Injunction ("Injunction"). (Adv. Pro. No. 18-4356, Doc 140).  The Injunction ordered that the "Defendant and the Debtor, and all persons acting in concert with either of them, are immediately prohibited and enjoined from disposing of all or any portion of the Proceeds for the pendency of this adversary proceeding or until further order of this Court."

On August 3, 2020, the Debtor and Yumi Yoo filed a Motion to Amend Opinion and Order Granting Preliminary Injunction. (Adv. Pro. No. 18-4356, Doc 149). On September 15, 2020, the bankruptcy court entered an Order Denying Motion to Amend Opinion and Order Granting Preliminary Injunction. (Adv. Pro. No. 18-4356, Doc 170).

On September 9, 2020, the bankruptcy court granted the Trustee's motion for partial summary judgment as to counts II, IV and V of the Complaint. On September 10, the bankruptcy court entered an order avoiding Debtor's transfer of the Muirland Property and vesting title to the property in the Bankruptcy Estate.

Debtor filed a Notice of Appeal seeking appellate review of the Order Denying Motion to Amend and the Order Granting Partial Summary Judgment.

## LEGAL STANDARD

This Court has jurisdiction to hear appeals of bankruptcy cases and proceedings—

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

See 28 U.S.C. § 158(a).

## ANALYSIS

"A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." *City of Louisa v. Levi,* 140 F.2d 512 (6th Cir.1944).  A bankruptcy case differs from ordinary civil litigation in that it may encompass "'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)  (internal quotation marks omitted). "Orders in bankruptcy cases qualify as "final" when they definitively dispose of discrete disputes within the overarching bankruptcy case."  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citation omitted).

In *Ritzen*, the Supreme Court held that the denial of a motion for an order terminating or modifying the automatic stay is a final, immediately appealable decision.  *Id*.  The Court concluded that the "proceeding" for a stay-relief motion is the stay-relief adjudication.  "The stay serves to "maintai[n] the status quo and preven[t] dismemberment of the estate" during the pendency of the bankruptcy case." *Id*. at 589.  As such, "[a]

bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings." *Id*.

This case does not involve an issue related to the automatic stay. Rather, it involves an adversary proceeding related to alleged fraudulent transfers of property by the debtor. In this case, the Order Granting Partial Summary Judgment did not dispose of all the claims in the Adversary Proceeding. There are 27 counts in the Complaint that have yet to be adjudicated. Clearly, the order did not dispose completely of a discrete dispute within the bankruptcy case.

Likewise, the Opinion and Order Granting Preliminary Injunction merely required Yumi Yoo to maintain the status quo as to the funds she received when she mortgaged the Muirland Property for the "pendency of [the] adversary proceeding or until further order of [the] Court." (Adv. Pro. No. 18-4356, Doc 140). The Order Denying Motion to Amend the Preliminary Injunction is also not a final order. *See Franceschi v. State Bar of Cal. (In re Franceschi)*, 268 B.R. 219, 222 (B.A.P. 9th Cir. 2001) (concluding that an order that merely grants a motion to dismiss and denies a preliminary injunction is not a final order "because it does not formally terminate the adversary proceeding as to all claims and all parties, and

because it contains findings in violation of the "separate order" requirement of [Bankruptcy] Rule 9021").

The Adversary Proceeding operates as a separate and discrete dispute within the overarching bankruptcy case. The Court finds that the Order Denying Motion to Amend and the Partial Summary Judgment are not final orders as contemplated by 28 U.S.C. § 158(a)(1). Additionally, the Order Denying Motion to Amend and the Partial Summary Judgment were not issued under 11 U.S.C. § 1121(d) in order to fall under 28 U.S.C. § 158(a)(2). Nor was the notice of appeal accompanied by a Fed. R. Bankr.P. 8003 motion for leave to appeal under 28 U.S.C. § 158(a)(3).

The court lacks jurisdiction over Debtor's appeal.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the Trustee's Motion to Dismiss Appeal [ECF No. 4] is GRANTED.

So ordered.

Dated: January 5, 2021

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

- 7 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 5, 2021, by electronic and/or ordinary mail and also on LaJeff Lee Percy Woodberry, 18283 Muirland, Detroit, MI 48221, and Yumi Yoo Woodberry, 18283 Muirland, Detroit, MI 48221.

s/Brianna Sauve
Deputy Clerk